UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARTIN GOOR,

        Plaintiff,

   v.

MARK VIGNOLES,

        Defendant.
_____/

No. C 12-01794 DMR

**ORDER DENYING PLAINTIFF'S MOTION TO RETRANSFER CASE**

Plaintiff Martin Goor moves the court pursuant to 28 U.S.C. §§ 1404 and 1391 to retransfer this case to the United States District Court for the District of New Jersey. For the reasons set forth below, the court DENIES the motion.

**I. Background and Procedural History**

On October 26, 2011, Goor, a New Jersey citizen, filed this suit against Defendant Mark Vignoles, a California citizen, in the United States District Court for the District of New Jersey. [Docket No. 1.] Goor brings two causes of action based on Vignoles' alleged failure to repay a loan for $100,000, which was memorialized by a note ("the Note"). (*See generally* Compl.) On January 12, 2012, Vignoles moved to dismiss for lack of personal jurisdiction or improper venue or, in the alternative, to transfer the case to the Northern District of California.

In support of his motion, Vignoles filed a declaration in which he stated that "[a]lthough the Note purports to memorialize a personal loan by Goor to me, I did not, in fact, receive any funds

directly from Goor." (Decl. of M. Vignoles ¶ 5, Jan. 12, 2012.) On April 9, 2012, the District of New Jersey granted Vignoles' motion to transfer the case to this court without reaching the issues of personal jurisdiction or improper venue. [Docket No. 17 (Transfer Order).] In its order, the court underscored the fact that Vignoles had "filed an affidavit stating that . . . he never received funds from Goor at all (much less funds originating in New Jersey)," and found that that fact weighed in favor of transfer. (Transfer Order 3.) On July 18, 2012, after the case had been transferred to the Northern District of California, the parties filed a Joint Case Management Statement before this court. In that submission, Vignoles seemingly made an about-face, indicating that Goor had in fact delivered a payment of $100,000 to him:

> [T]he payment reflected a capital contribution by Plaintiff to a joint enterprise formed by Service West Inc. . . . , a California corporation as to which Defendant Vignoles is President and sole shareholder, and CFT, Inc. . . . , a New York corporation as to which Plaintiff is President and sole shareholder. The joint venture, Service West New York ("SWNY"), did business in the New York and New Jersey area for a period of two or more years.

[Docket No. 33 (CMC Statement) 2.] Vignoles also stated that "Goor received more money in indirect personal distributions from SWNY for insurance, monthly car allowance and personal AMEX card reimbursements than the amount he claims herein." (CMC Statement 2.) Goor, arguing that these statements are "contrary to what [Vignoles] had previously represented" and that they constitute "new evidence and proof that the transfer was erroneous," now moves to retransfer the case to the District of New Jersey. (Pl.'s Mot. 6, 7).

## II. Legal Standards

28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Thus, the analysis involved in a motion to transfer is twofold. *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985). Unless all parties have consented to the prospective transferee district, the court must first decide whether that district is one in which the action "might have been brought." *Id.* If the court finds that the first factor is satisfied, it must then decide whether "the convenience of parties and witnesses" and "the interest of justice" favor transfer. *Id.*

A prospective transferee district is one in which the action "might have been brought" if, at the time the plaintiff filed the action, the transferee district would have had subject matter jurisdiction, had personal jurisdiction over the defendant, and was a proper venue. *AGCS Marine Ins. Co. v. Associated Gas & Oil Co., Ltd.*, 775 F. Supp. 2d 640, 646 (S.D.N.Y. 2011); *see also Commercial Lighting Prods., Inc. v. U.S. Dist. Court*, 537 F.2d 1078, 1079 (9th Cir. 1976); *F.T.C. v. Watson Pharm., Inc.*, 611 F. Supp. 2d 1081, 1090 (C.D. Cal. 2009). In determining whether "the convenience of parties and witnesses" and "the interest of justice" favor transfer, a court must weigh multiple factors, including:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000). The court must also consider "public-interest factors of systemic integrity and fairness that, in addition to private concerns, come under the heading of 'the interest of justice.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 30 (1988) (quoting 28 U.S.C. § 1404(a)).

Once a transferor court has transferred an action to a transferee court, the transferee court should generally abide by the transferor court's transfer decision and should not retransfer the case. *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988); *Ametek Inc. v. Hewlett-Packard Co.*, C-90-20278-DLJ, 1990 WL 10072473, at *1 (N.D. Cal. July 10, 1990). However, there are limited circumstances where retransfer is appropriate. A transferee court may retransfer a case under "extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice." *Christianson*, 486 U.S. at 817; *see also Ametek*, 1990 WL 10072473, at *1. A court may also retransfer a case based on "a considered decision that the case then is better tried in the original forum for reasons which became known after the original transfer order." *In re Cragar Indus., Inc.*, 706 F.2d 503, 505 (5th Cir. 1983); *see also Pac. Coast Marine Windshields v. Malibu Boats*, 1:11-CV-01594-LJO, 2011 WL 6046308, at *2 (E.D. Cal. Dec. 5, 2011).

**III. Discussion**

As an initial matter, the court notes its concern that, in seeking the transfer of this case to the Northern District of California, Vignoles left the District of New Jersey with the misimpression that this case involves a personal loan, and that Vignoles never received the loan money. Vignoles attempts to justify his change in position by clarifying that he, in fact, did receive funds – but not for his own benefit:

> [A]lthough the Note purports to memorialize a personal loan by Goor to me, I did not, in fact, receive any funds from Goor *for my benefit.* At Goor's request, I served as a conduit for his capital contribution into SWNY, depositing the money into the SWNY joint venture account as agreed . . . This is what I mean when I stated in my previous declaration that "I did not, in fact, receive any funds directly from Goor."

(Decl. M. Vignoles, ¶ 6, Sept. 5, 2012) (emphasis added.) Thus, Vignoles contends, the position that he took in the joint statement is consistent with the position he took prior to the transfer. Regardless of the technical compatibility of Vignoles' pre-transfer and post-transfer statements, it should have been obvious to Vignoles that the District of New Jersey would not understand his pre-transfer statement to mean what he now claims it meant. By failing to alert the District of New Jersey to the specific meaning of his statement, Vignoles may well have misled that court. Therefore, although this court does not find that the District of New Jersey's decision to transfer this case was in any way erroneous, Vignoles' about-face strikes the court as precisely the sort of extraordinary circumstance and manifest injustice that could support retransfer of the case.

However, prior to reaching the issue of whether retransfer is appropriate, the court must determine whether the District of New Jersey is one in which this action might have been brought. Plaintiff maintains that the District of New Jersey has subject matter jurisdiction over this case, personal jurisdiction over the parties, and is a proper venue. (Compl. ¶ 8; Pl.'s Mot. 8.) It is undisputed that the District of New Jersey has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332(a). However, the court requested and the parties submitted supplemental briefing regarding whether the District of New Jersey may exercise personal jurisdiction over Vignoles. [Docket Nos. 46 (Order to Submit Supplemental Briefing), 47 (Pl.'s Supplemental Br.), 48 (Def.'s Supplemental Br.).]

4

1  Personal jurisdiction is "the power of a court to enter judgment against a person." *S.E.C. v.
2  Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007). Generally, determining whether personal jurisdiction
3  exists over a nonresident defendant involves two inquiries: "[f]irst, the exercise of jurisdiction must
4  satisfy the requirements of the applicable state long-arm statute. Second, the exercise of jurisdiction
5  must comport with federal due process." *Dow Chem. Co. v. Calderon*, 422 F.3d 827, 830 (9th Cir.
6  2005). New Jersey's long-arm statute allows New Jersey courts to assert personal jurisdiction over a
7  non-resident defendant to the fullest limits of the Due Process Clause of the United States
8  Constitution. *Avdel Corp. v. Mecure*, 58 N.J. 264, 268 (1971). Therefore, the jurisdictional analysis
9  collapses into a single determination of whether the exercise of personal jurisdiction comports with
10 the due process clause. *See Dow Chem.*, 422 F.3d at 830-31.

11  The due process clause permits a court to exercise personal jurisdiction only when the
12 defendant has certain minimum contacts with the forum such that the maintenance of the suit does
13 not offend traditional notions of fair play and substantial justice. *Int'l Shoe Co. v. Washington,* 326
14 U.S. 310, 316 (1945). In analyzing whether a defendant has minimum contacts with the forum state,
15 courts distinguish between specific and general jurisdiction. *See Helicopteros Nacionales de
16 Colombia, S.A. v. Hall,* 466 U.S. 408, 414 (1984). Specific jurisdiction exists when the action
17 relates to or "arises out of" a defendant's contacts with the forum. *Id*. In contrast, general
18 jurisdiction does not require that the cause of action arise out of or relate to the defendant's activities
19 in the forum state but requires that the defendant's contacts with a forum state be "continuous and
20 systematic." *Id.* at 415-16.

21  Goor has the burden of proving that there are sufficient contacts between Vignoles and the
22 forum to support jurisdiction. *See Am. Tel. & Tel. Co. v. Compagnie Bruxelles Lambert*, 94 F.3d
23 586, 588, *supplemented*, 95 F.3d 1156 (9th Cir. 1996); *Provident Nat. Bank v. Cal. Fed. Sav. &
24 Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987). Under Third Circuit law, the allegations in the
25 complaint are not sufficient proof of jurisdiction; instead, a plaintiff must "establish[ ] jurisdictional

5

facts through sworn affidavits or other competent evidence."[1] *Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984); *see also Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009) (the plaintiff must "prov[e] by affidavits or other competent evidence that jurisdiction is proper"); *but cf. Telcordia Tech Inc. v. Telkom SA Ltd.*, 458 F.3d 172, 176 (3d Cir. 2006) (in determining whether a court may exercise personal jurisdiction over a defendant, the court "must accept all of the plaintiff's allegations as true"). Courts must resolve in the plaintiff's favor conflicts between the facts contained in the parties' evidence. *Telcordia Tech*, 458 F.3d at 176.

Here, Goor has provided uncontroverted evidence that (1) the loan agreement that Vignoles executed on December 4, 2006 was sent to Goor in New Jersey; (2) Goor received a fax in New Jersey providing wiring instructions sent on behalf of Vignoles and; (3) Goor wired the $100,000 to Vignoles pursuant to the loan agreement from his bank account in New Jersey. (Decl. M. Goor, ¶¶ 2-4, Aug. 22, 2012.) The record is also replete with references to Goor's and Vignoles' prior relationship, giving rise to the inference that Vignoles knew or should have known that these events were going to occur in New Jersey. Additionally, Goor has provided evidence that Service West,

---

[1] The court has not found decisive authority on whether it should apply Third Circuit or Ninth Circuit law to determine whether federal due process permits personal jurisdiction over Vignoles in New Jersey. In determining whether there is personal jurisdiction over a party in an out-of-circuit forum, some courts apply the law of the circuit in which they sit, *see e.g., SongByrd, Inc. v. Estate of Grossman*, 206 F.3d 172, 181 (2d Cir. 2000), while other courts apply the law of the circuit of the court in which jurisdiction is at issue. *See, e.g. Budget Blinds, Inc. v. White*, 536 F.3d 244, 261 (3d Cir. 2008); *Shaw Family Archives, Ltd. v. CMG Worldwide, Inc.*, 434 F. Supp. 2d 203, 210 (S.D.N.Y. 2006). In the absence of clear guidance, this court will apply Third Circuit law, the law that would apply if the District of New Jersey were determining whether it had jurisdiction over Vignoles.

While there are differences between the Third and Ninth Circuits with respect to due process considerations regarding personal jurisdiction, the court concludes the outcome in this case would be the same under either circuit's precedent. For example, in contrast to Third Circuit law, in the Ninth Circuit, "uncontroverted allegations in [the plaintiff's] complaint must be taken as true" for the purposes of determining whether a forum has personal jurisdiction over a defendant. *Am. Tel. & Tel. Co. v. Compagnie Bruxelles Lambert*, 94 F.3d at 588. However, that particular legal principle does not change the result here, for Goor's complaint does not allege any facts relevant to determining whether Vignoles is subject to personal jurisdiction in New Jersey. And, just as the Third Circuit does, the Ninth Circuit resolves conflicts in evidence in favor of the plaintiff. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). Therefore, the jurisdictional facts that the court considers in this case would be the same under Ninth Circuit law as they are under Third Circuit law. The court also finds that these facts would have the same legal significance in the Ninth Circuit as they do in the Third Circuit. *See infra* notes 2, 3.

Inc., a corporation that Vignoles owns and controls, leased facilities and engaged in litigation in New Jersey. (Decl. M. Goor, Ex. H.)

In support of his contention that he is not subject to jurisdiction in New Jersey, Vignoles has provided uncontroverted evidence that he lives in California; that he has never owned any assets in New Jersey; that he has never had a bank account in New Jersey or appointed anyone to accept service of process on his behalf in New Jersey; that he negotiated the Note by telephone from California; and that he prepared and executed the Note in California. (Decl. M. Vignoles, ¶¶ 2-3, 5.) There are also several disputed facts for which the parties provide conflicting evidence, but which the court will resolve in Goor's favor for the purposes of determining whether there is personal jurisdiction in New Jersey. *Telcordia Tech*, 458 F.3d at 176. Specifically, Goor's affidavit indicates that the $100,000 that Goor sent Vignoles was a personal loan rather that an investment or a loan to a corporate entity; that repayment of the loan was to be by payment to Goor in New Jersey; and that SWNY, the joint venture to which Vignoles referred in the Joint Case Management Statement, was never formed. (Decl. M. Goor, ¶¶ 2, 10.)

Having considered these facts, the court finds that Goor has not demonstrated that the District of New Jersey has personal jurisdiction over Vignoles.

### A. Goor Has Not Demonstrated that Vignoles is Subject to General Jurisdiction in New Jersey

Goor has presented no evidence that Vignoles, in his individual capacity, has had "continuous and systematic" contacts with New Jersey. *See Helicopteros Nacionales,* 466 U.S. at 414. Goor suggests that Vignoles may be subject to personal jurisdiction in New Jersey because Vignoles owned and controlled Service West, Inc., a corporation that leased facilities and engaged in litigation in New Jersey. (Pl.'s Supplemental Br. 4.) However, a forum cannot exercise jurisdiction over an individual corporate shareholder or employee simply because it can exercise jurisdiction over the corporation itself. *See Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 (1984); *MoneyGram Payment Sys., Inc. v. Consorcio Oriental, S.A.*, 65 F. App'x 844, 850 (3d Cir. 2003). Nor can a court exercise personal jurisdiction over an individual based on actions the individual takes in a corporate capacity. *See Oorah, Inc. v. Schick*, CIV.A.08-2202 (FLW), 2009 WL 198192,

1   at *8 (D.N.J. Jan. 27, 2009).[2]  Therefore, the activities of Service West, Inc. are irrelevant to
2   determining whether Vignoles is subject to personal jurisdiction in New Jersey.  Accordingly, the
3   court finds no basis to conclude that Vignoles is subject to general jurisdiction in New Jersey.

**B.  Goor Has Not Demonstrated that Vignoles is Subject to Specific Jurisdiction in New Jersey**

It is presumptively reasonable to subject a defendant to specific jurisdiction in a forum where the defendant "deliberately has engaged in significant activities . . . or has created continuing obligations between himself and residents of the forum." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475-76 (1985) (citations and quotations omitted).  However, the fact that a nonresident has contracted with a resident of the forum state is not, by itself, sufficient to create personal jurisdiction over the nonresident in the forum.  *Id.* at 479.  Instead, it is "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing [] that must be evaluated in determining whether the defendant purposefully established minimum contacts within the forum."  *Id.*  In performing this evaluation, the court considers only "the defendant's conduct and connection with the forum State," not the "unilateral activity of another party."  *Id.* at 475-76.

Here, the only facts in evidence regarding Vignoles' conduct in connection with New Jersey are that he sent the loan agreement and wiring instructions to Goor in New Jersey, and that he was to repay the loan to Goor in New Jersey.  (Decl. M. Goor, ¶¶ 2-4.)  These contacts do not rise to the level that courts have identified as sufficient to establish personal jurisdiction in a particular forum. First, there is no evidence that Vignoles solicited the contract or initiated the loan from Goor. *Compare Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino,* 960 F.2d 1217, 1223 (3d Cir. 1992) (finding in a "close case" that personal jurisdiction existed and emphasizing that it was defendants who approached the plaintiff to establish a business relationship) *with Vetrotex Certainteed Corp v. Consol. Fiber Glass Prods. Co.*, 75 F.3d 147, 152 (3d Cir. 1996) (finding defendant was not subject

---

[2] Like the Third Circuit, the Ninth Circuit has held that a court cannot exercise personal jurisdiction over an individual based on actions the individual takes in a corporate capacity.  *See Forsythe v. Overmyer*, 576 F.2d 779, 784 (9th Cir. 1978).

to personal jurisdiction in forum and distinguishing *Mellon Bank* because defendant had not "solicited the contract or initiated the business relationship leading up to the contract"). Nor is there evidence that "business" in New Jersey was going to result from this contract. *Cf. North Penn Gas Co. v. Corning Natural Gas Corp.*, 897 F.2d 687, 690-91 (3d Cir. 1990) (holding that defendant subjected itself to personal jurisdiction in Pennsylvania by entering into an agreement with a Pennsylvania plaintiff to reserve storage space in Pennsylvania and making consecutive payments to the plaintiff in Pennsylvania).[3] Goor provides evidence that Vignoles was to repay Goor in New Jersey, but does not indicate that New Jersey was in any way integral to the contract. The court declines to find that Vignoles is subject to personal jurisdiction in New Jersey based solely on Vignoles' communication with Goor while Goor was in New Jersey, and Vignoles' obligation to repay Goor in New Jersey.

Goor also argues that Vignoles states in his declaration that he made his own capital contribution to SWNY, and that SWNY operated in New Jersey. (Pl.'s Supplemental Br. 4.) Goor argues that because Vignoles, in his personal capacity, invested in a business that operated in New Jersey, he is subject to personal jurisdiction in New Jersey. (Pl.'s Supplemental Br. 4.)

This argument is unavailing for a number of reasons; most significantly, Goor stated in his declaration that SWNY was *never actually formed* (*see* Decl. M. Goor, ¶ 6), and, for the present purposes, the court must take him at his word. *Telcordia Tech*, 458 F.3d at 176. Thus, the court cannot find that Vignoles is subject to personal jurisdiction in New Jersey on the basis of his alleged interest in SWNY's activities.

---

[3] The Ninth Circuit, like the Third Circuit, emphasizes the issues of whether the defendant initiated the contract and whether the contract did or would have resulted in significant activities in the forum. *See Roth v. Garcia Marquez*, 942 F.2d 617, 620-21 (9th Cir. 1991). In *Roth*, the court held that the fact that plaintiff had solicited defendant to enter into the contract at issue weighed against finding personal jurisdiction over the defendant in California, the plaintiff's home state. However, in what the court stated was "a very close call," it held that the defendant was subject to personal jurisdiction in California because the contract he entered into "concerned a film, most of the work for which would have been performed in California." *Id.* at 622. The court emphasized that the contract therefore "depended upon activities in California" and that it was therefore "not an instance where the contract was a one-shot deal that was merely negotiated and signed by one party in the forum." *Id.* Here, as in *Roth*, there is no evidence Vignoles initiated the contract. Moreover, the key factor in *Roth* – resulting business in the forum – is absent here as well.

1 Because the court finds that the facts in evidence before it do not provide a sufficient basis for finding that the New Jersey district court may exercise personal jurisdiction over Vignoles, and because Vignoles has not consented to jurisdiction in that court, this court finds that Goor has not demonstrated that the District of New Jersey is one in which this action "might have been brought." 28 U.S.C. § 1404(a). Therefore, it need not reach the question of whether "the convenience of parties and witnesses" and "the interest of justice" favor retransfer.

## IV. Conclusion

For the foregoing reasons, the court denies the Plaintiffs' Motion to retransfer this case to the District of New Jersey.

IT IS SO ORDERED.

Dated: November 13, 2012



DONNA M. RYU
United States Magistrate Judge